IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40005
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS SANTOS-ROMERO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-207-1
- - - - - - - - - -
September 18, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges

PER CURIAM:[*]

Jesus Santos-Romero appeals the sentence imposed by the district court following his guilty plea to a charge of illegal reentry to the United States following deportation, a violation of 8 U.S.C. §§ 1326(a) and (b). Santos-Romero challenges the characterization of his prior Texas conviction for possession of more than 50, but less than 200, pounds of marijuana as an aggravated felony and the concomitant 16-level increase in his base offense level mandated by United States Sentencing Commission, Guidelines Manual, § 2L1.2(b)(2).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a sentence imposed under the Sentencing Guidelines to determine "whether the sentence was imposed in violation of law, as a result of an incorrect application of the Sentencing Guidelines, or was outside of the applicable guideline range and was unreasonable." United States v. Hinojosa-Lopez, 130 F.3d 691, 693 (5th Cir. 1997)(citation and internal quotations omitted). We review findings of fact for clear error, but we conduct a de novo review of the district court's applications of the Sentencing Guidelines. Id.

In cases involving a conviction for unlawful reentry to the United States, the defendant's offense level must be increased by 16 levels if the defendant previously was deported after a conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(2) (Nov. 1995). A "prior conviction constitutes an aggravated felony for purposes of § 2L1.2(b)(2) if (1) the offense was punishable under the Controlled Substances Act and (2) it was a felony." Id. at 694. "Simple possession of marijuana is punishable under the Controlled Substances Act," and "possession of more than 50 but less than 200 pounds of marijuana is now denominated a felony in the second degree" in Texas. Hinojosa-Lopez, 130 F.3d at 694 & n.2. Santos-Romero's argument is thus foreclosed by this court's opinion in Hinojosa-Lopez.

Santos-Romero contends for the first time in this court that the designation of his conviction for simple possession of marijuana as an aggravated felony violates due process. Santos-Romero did not raise this issue in the district court. Thus, we review his assertion for plain error only. See United States v.

Jackson, 50 F.3d 1335, 1340 n.6 (5th Cir. 1995) (issue which is not raised in district court is reviewed for plain error). Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 736.

"A criminal statute is void for vagueness under the Due Process Clause of the Constitution when it fails to provide a person of ordinary intelligence fair notice of the conduct it proscribes." See United States v. Nevers, 7 F.3d 59, 61 (5th Cir. 1993) (citations omitted). Santos-Romero does not contend that the simple possession statute failed to provide sufficient notice of the conduct it proscribed. He contends that the term "drug-trafficking" does not indicate that simple possession of drugs is conduct which is proscribed.

"[T]he term `drug-trafficking crime' means any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). Marijuana is defined as a controlled substance, and "[s]imple possession of marijuana is punishable under the Controlled Substances Act." 21 U.S.C. §§ 802(6) and 812, Schedule

I(c)(10); <u>Hinojosa-Lopez</u>, 130 F.3d at 694.  Santos-Romero has not shown plain error.  Santos-Romero's sentence is AFFIRMED.